**Aramayis JELEZYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71477.**

**Agency No. A78–016–008.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 2, 2004.*

Decided Sept. 14, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Yeznik O. Kazandjian, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Josh Braunstein, Anthony W. Norwood, Office of Immigration Litigation Civil Division, Department of Justice, Washington, DC, for Respondent.

Before REINHARDT, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM**

Aramayis Jelezyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") final order affirming without opinion the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

1. Adverse Credibility

Substantial evidence supports the IJ's finding that Jelezyan's claims were "vague, inconsistent and implausible." *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). The IJ noted several inconsistencies in Jelezyan's testimony, in-

** This disposition is inappropriate for publication and may not be cited to or by the courts

cluding (1) the varied accounts that he provided of when and why he decided to quit working for Siradeghyan's family and (2) the discrepant testimony that he offered regarding the timing of and basis for his decision to leave Armenia. For example, Jelezyan testified that he sought to leave Armenia in April 2001. But this date precedes the two events that allegedly formed the basis of his persecution claim, *i.e.*, the killings of his two co-workers in the fall of 2001 and the alleged attempt on his life in December 2001. These inconsistencies cut to the heart of Jelezyan's claims, *see Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996) (internal quotations omitted), and are specific and cogent support for the IJ's adverse credibility finding. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002).

2. Asylum

Assuming, *arguendo*, that the IJ's credibility determination was flawed, we would nonetheless deny Jelezyan's petition because substantial evidence supports the IJ's alternative merits determination. To be eligible for asylum, an applicant must be unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1064 (9th Cir.2003) (citing 8 U.S.C. § 1101(a)(42)(A)). To establish past persecution, the applicant must demonstrate that: (1) his experiences rise to the level of persecution; (2) the persecution was on account of one or more of the five protected grounds; and (3) the persecution was committed either by the government or by forces that the government was unable or unwilling to control. *See*

of this circuit except as provided by Ninth Circuit Rule 36–3.

*Baballah v. Ashcroft,* 367 F.3d 1067, 1074 (9th Cir.2004). Jelezyan failed to carry his burden.

■ First, Jelezyan's experiences do not amount to persecution. "Persecution ... is an extreme concept that does not include every sort of treatment our society regards as offensive." *Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003). The shots that were fired at Jelezyan's car were certainly offensive and threatening. But Jelezyan offered no evidence to suggest that this attack was anything more than an isolated, and perhaps random, act of violence.

■ Second, even if the gun shots were deemed persecution, there was no showing that they were on account of a protected ground. Jelezyan provided no evidence that he was persecuted in the past, or faces persecution in the future, on account of an actual or imputed political opinion. While, as the IJ noted, "it is clear that [Jelezyan] worked for a murdering politician," there is no reason to believe that the actions of Margaryan and Khorkhoruni's "people," to whom Jelezyan himself attributes his persecution, were politically motivated rather than driven by revenge, whether or not they killed the two other drivers who worked for Siradeghyan. As to the actions of the Armenian Internal Affairs investigators, the record merely shows that they questioned Jelezyan to discover where his former boss, Siradeghyan, was located. Jelezyan presented no evidence of any political motivation for their actions.

Third, Jelezyan's purported persecution was not committed by a government entity, nor has Jelezyan demonstrated that the government was unable or unwilling to control his attackers. While Margaryan and Khorkhoruni themselves were government officials, there is no indication that any action their "people" may have taken was directed or sanctioned by the Armenian government. There is also no evidence that Internal Affairs played any role in Jelezyan's alleged persecution, except to the extent that they questioned him and confiscated his papers.

Substantial evidence also supports the IJ's determination that Jelezyan did not demonstrate a well-founded fear of future persecution. To establish eligibility on the basis of a "well-founded fear of persecution," an alien must: (1) credibly testify that he genuinely fears persecution, *Prasad v. INS,* 47 F.3d 336, 338 (9th Cir.1995); and (2) show "by credible, direct, and specific evidence in the record ... a reasonable fear of persecution on the relevant ground." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996) (*en banc*). Jelezyan bears "the burden of making this showing," *id.,* and it "is a heavy one." *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). He "must demonstrate that any reasonable factfinder would have to conclude that he has a well-founded fear of persecution." *Id.* (citation and internal quotation omitted). Jelezyan has not met this burden, as the record contains no evidence that would compel a finding that he has a well-founded fear of persecution in Armenia.

### 3. Withholding of Removal and Convention Against Torture

Unable to meet the lesser standard for asylum eligibility, Jelezyan necessarily fails to establish his eligibility for withholding of deportation. *See Fisher,* 79 F.3d at 961. Jelezyan's CAT claim also fails because he has not shown that it would be more likely than not that he would be tortured if returned to Armenia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION DENIED**